UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| AMERICAN BUILDERS & CONTRACTORS SUPPLY CO., INC.,      )<br>)<br>            Plaintiff,      )<br>)<br>    vs.      )<br>)<br>ROOFERS MART, INC., et al.,      )<br>)<br>            Defendants.      ) | No. 1:11-CV-19 (CEJ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the defendants' motion to compel plaintiff to produce documents and the plaintiff's motion to compel production of documents. The parties have filed responses, and the issues are fully briefed.

Plaintiff brings this action asserting claims of misappropriation of trade secrets, breach of fiduciary duty, unfair competition, breach of contract, civil conspiracy, and tortious interference with a contract. The individual defendants are alleged to be former employees of plaintiff who were hired by one of its competitors, defendant Roofers Mart.

**II.    Legal Standard**

Under Rule 26(b)(1), Fed.R.Civ.P., parties may obtain discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party." Relevancy is broadly construed, and "a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party."  Breon v. Coca-Cola Bottling Co. of New England, 232 F.R.D. 49, 52 (D. Conn. 2005).  Even if relevant, however, "discovery is not permitted where there is no need shown or compliance would be unduly burdensome, or where

harm to the person from whom the discovery is sought outweighs the need of the person seeking the information." Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2, 197 F.3d 922, 935 (8th Cir.1999), quoting Seattle Times Co. v. Rhinehart, 467 U.S. 20, 34 (1984).  "[T]he burden is typically on the party resisting discovery to explain why discovery should be limited." Liberty Mut. Fire Ins. Co. v. Centimark Corp., 2009 WL 539927 *2 (E.D. Mo. 2009).  Further, "bare assertions that the discovery requested is overly broad, unduly burdensome, oppressive, or irrelevant are ordinarily insufficient to bar production."  Masters v. UHS of Del., 2007 WL 3120015 (E.D. Mo. 2007). "Courts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Gulf Oil Co. v. Barnard, 452 U.S. 89, 102 n. 16 (1981).

### III.  Discussion

#### A.  Defendants' Motion Compel

Defendants seek an order compelling plaintiff to produce documents in response to requests for production 27, 28, and 29.  Request No. 27 seeks "any and all documents containing, relating or referring to any layoff schedule or furlough schedules" at plaintiff's Cape Girardeau store in 2010 or 2011. (Doc. #36-1). Request No. 28 seeks any documents relating to plaintiff's decision to carry products manufactured by American Construction Metals in 2010 or January 2011. Request No. 29 seeks documents relating to any decision by plaintiff to stop carrying products manufactured by Alsco Metals.  Plaintiff objects to producing the documents on the ground that the requests are not calculated to lead to admissible evidence. Defendants counter that these documents are relevant to the issue of their reasons for leaving plaintiff's employ and relevant to dispute plaintiff's assertion that defendants' actions

were done in furtherance of a conspiracy to misappropriate plaintiff's trade secrets.

The Court finds that plaintiff's objections to Request Nos. 27, 28, and 29 are without merit. The documents sought by defendants' requests may be relevant to plaintiff's claims that defendants conspired to misappropriate trade secrets and tortiously interfere with the contract between defendant Bernard Miller and plaintiff. Also, plaintiff makes no showing that producing the responsive documents would be oppressive or unduly burdensome. See Gulf Oil Co., 452 U.S. 89. Accordingly, the objections are overruled.

### B.    Plaintiff's Motion to Compel

Plaintiff seeks an order compelling defendants to produce documents in response to Requests No. 1-4, 26, 28, 30, and 42-49 of plaintiff's second request for production.[1]

Request No. 1 seeks production of Roofers Mart's employee records and personnel files for the individual defendants, their supervisor Jared Cruzen, and the employees whom they replaced. Request No. 2 seeks the same documentation for all employees employed at the Cape Girardeau Roofers Mart store at any time from October 1, 2010 to the present. Defendants object to these requests as irrelevant, overly broad and unduly burdensome. The Court will overrule defendants' objection as to Request No. 1, but will sustain the objection as to Request No. 2. While the personnel records of the individual defendants, their supervisor and employees they replaced are relevant to plaintiff's claims, the Court agrees that production of the personnel files of Roofers Mart's other employees would be unduly burdensome and not

---

[1]After plaintiff's motion was filed, the parties resolved their disputes as to Request Nos. 32-34, 38-39, 40 and 41.

likely to lead to admissible evidence.

In Request No. 3, plaintiff seeks all documentation related to any offer(s) of employment made by Roofers Mart to the individual defendants or to Cruzen. Defendants object to the production of documents that relate to Roofers Mart's offer of employment to Cruzen, arguing that this request is irrelevant, overly broad and unduly burdensome. The Court finds defendants' objection to Request No. 3 to be without merit. Plaintiff has alleged that Cruzen and the individual defendants were acquainted prior to Cruzen's employment with Roofers Mart. Thus, the basis and conditions for Cruzen's hiring may be relevant to plaintiff's theory that Roofers Mart hired Cruzen, in part, due to his ability to recruit the individual defendants to leave plaintiff's employ and to misappropriate plaintiff's trade secrets. Defendants have also failed to show that the production the documentation as to one additional employee would be oppressive or unduly burdensome.

Request Nos. 4, 26, and 28 seek all email correspondence sent or received by Cruzen, Bernard Miller, and Michael Burger, respectively, between October 1, 2010 and January 24, 2011. The Court agrees with defendants that these requests are overbroad in that they call for the production of email documents whose contents may have no relevance to any issue involved in this case. By contrast, Request No. 30 seeks all email correspondence between the individual defendants October 1, 2010 and January 24, 2011 that pertains to the defendants' recruitment or hiring by Roofers Mart. Because Request No. 30 is appropriately limited in scope to the issues raised by the complaint, the objection to it will be overruled. Defendants, however, will be required to respond to Request Nos. 4, 26 and 28 by producing all email correspondence sent or received by Cruzen, Miller and Burger between October 1, 2010

and January 24, 2011 that contain any reference to the recruitment or hiring of any individual defendant by Roofers Mart.

Request Nos. 42-49 seek all communications--including purchase orders, delivery tickets, and invoices-- between Roofers Mart and four companies that provide supplies to the Roofers Mart Cape Girardeau store.  Specifically, Request Nos. 42-45 seek all communications between Roofers Mart and the four suppliers from December 1, 2010 through the present, whereas Request Nos. 45-49 seek all purchase documentation generated from January 1, 2008 through the present.  Defendants object that these requests seek irrelevant information, are overly broad, and are unduly burdensome.  Subject to this objection, defendants claim that they are not in possession of any responsive documents that relate to the Roofers Mart Cape Girardeau store and involve defendant Miller.  Plaintiff argues that the documents it seeks are relevant because the computer files that were allegedly misappropriated by Miller contained information about these four suppliers.  Plaintiff further argues that Roofers Mart or the other defendants could easily be using information misappropriated by Miller as alleged in plaintiff's conspiracy claim.

The Court finds that Request Nos. 42-49 are relevant, but they need to be limited in time and scope.  Therefore, the defendants will be required to produce all documents responsive to Request Nos. 42-45 that relate to the store locations where the individual defendants have been employed by Roofers Mart at any time since their employment by plaintiff ended.  As to Request Nos. 45-49, the defendants will be required to produce all responsive documents that are limited in time to the period October 1, 2010 to the present.

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the defendants' motion to compel [Doc. #36] is **granted**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to compel [Doc. #37] is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that the deadline for producing the documents required to be produced by this order is **November 14, 2011**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 1st day of November, 2011.