UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| AMERICAN BUILDERS & CONTRACTORS SUPPLY CO., INC., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) No. 1:11-CV-19 (CEJ) |
| ROOFERS MART, INC., et al., | ) ) ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendants Roofers Mart, Inc. and Bernard Miller to strike plaintiff's motions for sanctions and the supporting affidavit of an expert witness. In the alternative, defendants seek leave to re-open discovery for the limited purpose of disposing plaintiff's expert witness and designating their own rebuttal expert, if necessary. Plaintiff opposes defendants' motion to strike and the issues have been fully briefed.

### Motion to Strike

Defendants first argue that plaintiff's motion for sanctions and supporting expert affidavit should be stricken as untimely. The Court finds defendants' timeliness arguments to be unavailing. Both plaintiff's motion for sanctions and the supplemental opinion by expert witness John Clingerman are based upon newly-available information. This information was not previously available to plaintiff due, in part, to defendants' actions. Under these circumstances, neither document is untimely because plaintiff has demonstrated good cause for any delay in filing its motion and Rule 26(e) allows supplemental expert opinions for the purpose of "adding information that was

not available at the time of the initial report." <u>Sancom, Inc. v. Qwest Communications Corp.</u>, 683 F. Supp. 2d 1043, 1063 (D.S.D. 2010) (citing <u>Minebea Co. v. Papst</u>, 231 F.R.D. 3, 6 (D.D.C. 2005)).

Next, defendants argue that the expert affidavit exceeds the scope of discovery authorized by the November 28, 2011 order compelling defendant Miller to produce his laptop for analysis by plaintiff. The Court disagrees. The November 28, 2011 order authorized plaintiff to examine the computer for evidence of Miller's "use, duplication, and transmission of plaintiff's proprietary data." (Doc. #48). The scope of the examination includes emails to and from Miller that relate to his employment by plaintiff or defendant Roofers Mart because such emails could show use or transmission of the data obtained by Miller while he was employed by plaintiff. The fact that other relevant communications were discovered during this forensic analysis does not exclude their use as outside the scope of discovery as authorized by the November 28, 2011 order.

### Leave to Conduct Additional Discovery

As an alternative to their motion to strike, defendants request leave to conduct additional discovery for the limited purpose of deposing witness Clingerman concerning his analysis of Miller's laptop and for leave to retain and designate their own computer forensic expert, if necessary. Plaintiff does not object to defendants' request for additional limited discovery.   While the Court is inclined to grant defendants' alternative request, the parties are reminded of the need to complete all discovery in sufficient time before the trial date.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendants Bernard Miller and

Roofers Mart to strike plaintiff's motion for sanctions and the affidavit of expert John Clingerman [Doc. #91] is **denied**.

**IT IS FURTHER ORDERED** that the defendants' alternative request for leave to conduct additional limited discovery [Doc. #91] is **granted**.

**IT IS FURTHER ORDERED** that the deposition of plaintiff's expert witness John Clingerman shall be completed not later than **June 26, 2012**.  Defendants Miller and Roofers Mart, Inc., shall disclose the identity and produce the reports of their rebuttal expert witness(es), if any, not later than **July 14, 2012**.  The deposition of any rebuttal expert witness must be completed not later than **July 28, 2012**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 11th day of June, 2012.