UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| AMERICAN BUILDERS & CONTRACTORS SUPPLY CO., INC., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | )  No. 1:11-CV-19 (CEJ) ) |
| ROOFERS MART, INC., et al., | ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Before the Court is the motion of defendant Roofers Mart for separate trials, pursuant to Fed. R. Civ. P. 42(b). Plaintiff opposes the motion and the issues have been fully briefed.

This is a misappropriation of trade secrets and breach of contract action brought by plaintiff against one of its former employees and his new employer. Previously, the Court granted plaintiff's motions for sanctions based on defendant Bernard Miller's spoliation of evidence. The Court found that an adverse inference jury instruction was warranted as to plaintiff's claims against Miller. The Court did not impose a sanction against defendant Roofers Mart.

Roofers Mart now requests that it be granted a separate trial. It claims that evidence regarding Miller's spoliation and the adverse inference instruction will confuse the jury and result in unfair prejudice. Defendant argues that any prejudice suffered by Roofers Mart is not sufficient to justify the time and expense of holding separate trials. Plaintiff also argues that its claims and theories of liability against the defendants are intertwined, that the evidence of Miller's spoliation is relevant to its

claims against Roofers Mart, and that the same evidence supports its claims against both defendants.

"For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). Courts have recognized that many factors may be relevant to the determination of whether or not to bifurcate proceedings pursuant to Rule 42(b). See O'Dell v. Hercules, Inc., 904 F.2d 1194, 1201-02 (8th Cir. 1990) ("In exercising discretion, district courts should consider the preservation of constitutional rights, clarity, judicial economy, the likelihood of inconsistent results and possibilities for confusion."); Bancorp Servs., L.L.C. v. Sun Life Assur. Co. of Canada, No. 4:00-CV-1073, 2006 WL 1026992, *2 (E.D. Mo. 2006) ("Multiple factors govern whether bifurcation is appropriate in any given case, including the separability of the issues; simplification of discovery and conservation of resources; prejudice to the parties; and the effect of bifurcation on the potential for settlement.") But the key issue is whether bifurcation is necessary to avoid prejudice. Athey v. Farmers Ins. Exchange, 234 F.3d 357, 362 (8th Cir. 2000) (because the movant could not show prejudice, the district court did not abuse its discretion by refusing to bifurcate claims).

In the instant case, the claims against both defendants involve common issues of fact and law, and it is anticipated that some of the same witnesses will be called to testify as to the claims against both defendants. Because the evidence against both defendants is so intertwined, separate trials would involve a duplication of efforts and an undue expenditure of time and money. See Equal Employment Opportunity Commission v. HBE Corp., 135 F.3d 543, 550-51 (8th Cir. 1998)(consolidation of

claims appropriate to "avoid the inefficiency of separate trials involving related parties, witnesses, and evidence."). Further, the adverse inference instruction will be directed against Miller only, and there is no basis for concluding that the jury will be unable to compartmentalize the evidence and apply the instruction correctly. See United States v. Andrade, 788 F.2d 521, 530 (8th Cir.1986)(if jury jury can separate and appraise the evidence against each defendant, a trial court need not grant a motion for severance).

As an alternative to severance, Roofers Mart asks that the Court give a limiting instruction to the jury each time plaintiff offers testimony or other evidence relating to Miller's spoliation.  The adverse inference that may be drawn against Miller does not require that a limiting instruction be given.  Additionally, the Court finds that the instruction proposed by Roofers Mart is inappropriate.  However, if during the trial it becomes necessary to give a limiting instruction to the jury for any reason, the Court will do so.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant Roofers Mart for separate trials or, alternatively, for a limiting instruction [Doc. # 126] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 15th day of August, 2012.